UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

WILLARD DONLOW,

        Plaintiff,

        v.                                          Case No. 05-C-0548

SBC COMMUNICATIONS, INC.,
SBC GLOBAL SERVICES, INC.,
CHRISTOPHER ROSZINA,

        Defendants.

ORDER DENYING DEFENDANT ROSZINA'S MOTION TO DISMISS PURSUANT TO
FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) (DOC. # 10).

        Pending before the court is Defendant Roszina's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. # 10) and a brief in support of the motion (Doc. # 11). The plaintiff filed a response (Doc. # 19). Although the plaintiff failed to state specifically whether he opposes defendant Roszina's motion, the plaintiff's statement that his amended complaint (Doc. # 17) addresses the dismissal motion suggests that he opposes the motion. (Response at 1.) For the reasons stated herein, the court will deny the motion.

Procedural History

        On May 18, 2005, the plaintiff commenced this action by filing a complaint alleging gender discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), and violation of Wisconsin Statute § 940.225(2)(b), Wisconsin Civil Jury

Instructions 2010 and 1383.[1] (Compl. at 1.) Defendant Roszina, on June 9, 2005, filed the pending motion and five days later, the plaintiff filed an amended complaint.[2] Although the amended complaint still alleges gender discrimination under Title VII of the Civil Rights Act of 1964, the plaintiff contends that defendant Roszina violated Wisconsin law by committing intentional torts of battery (sexual assault) and assault and battery involving offensive bodily contact. (Am. Compl. at 1.)

Discussion

Rule 12 of the Federal Rules of Civil Procedure governs the timing and presentation of defenses and objections. FED. R. CIV. P. 12. Under Rule 12(b)(6), a party may file a motion claiming that the complaint fails to state a claim that would allow a court to grant the complainant any relief. FED. R. CIV. P. 12(b)(6). Dismissal of an action pursuant to such a motion is warranted if the plaintiff can prove no set of facts in support of the claims that would entitle the complainant to relief. *Scott v. City of Chicago*, 195 F.3d 950, 951 (7th Cir. 1999); see Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

---

[1] Wisconsin Statute § 940.225(2)(b) provides that whoever,

> [h]as sexual contact or sexual intercourse with another person without consent of that person and causes injury, illness, disease or impairment of a sexual or reproductive organ, or mental anguish requiring psychiatric care for the victim

is guilty of a Class C felony. WIS. STAT. § 940.225(2)(b). Wisconsin Civil Jury Instruction 2010 concerns assault and battery involving offensive bodily contact and 1383 deals with employer negligence, specifically negligent hiring, training or supervision. WIS JI-CIVIL 2010, 1383.

[2] Under Rule 15(a), "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . ." FED. R. CIV. P. 15(a). Here, the record reveals that none of the defendants have filed a responsive pleading. Consequently, the plaintiff may amend the complaint as a matter of right and the court will use the amended complaint to rule on the motion. *See id.*

2

The essence of a Rule 12(b)(6) motion is not that the plaintiff has pleaded insufficient facts, it is that even assuming all of the facts are accurate, the plaintiff has no legal claim. *Payton v. Rush-Presbyterian-St. Luke's Med. Ctr.*, 184 F.3d 623, 627 (7th Cir. 1999). Federal notice pleading requires only that a plaintiff set out a "short and plain" statement of the claim providing a defendant with fair notice of the claim. *Scott*, 195 F.3d at 951. However, fair notice does not require every element of a legal theory to be specifically set forth in the complaint. *Id.* Conclusions or vague language are acceptable so long as a defendant can understand the claim. *See Muick v. Glenayre Elecs.*, 280 F.3d 741, 744 (7th Cir. 2002).

The complaint only need to state a claim; it does not require the plaintiff to plead all the facts that would establish that the claims are valid. *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002). All the plaintiff is required to do is specify "the bare minimum facts necessary to put the defendant on notice of the claim" so the defendant can file an answer. *Id.; accord Walker v. Thompson*, 288 F.3d 1005, 1007 (7th Cir. 2002). As the United States Court of Appeals for Seventh Circuit advised, "a failure of proof is not a failure to state a claim." *Walker*, 288 F.3d at 1008. In the event a court grants the dismissal for failure to state a claim, it is "always with prejudice and so always precludes reinstatement." *Id.* at 1009.

Here, in compliance with federal notice pleading, the plaintiff, in his amended complaint, provides a short and plain statement advising defendant Roszina of the claims asserted against him. This summary of the case puts defendant Roszina on notice that the plaintiff asserts tort theories against him so defendant Roszina can file an answer. The plaintiff then uses paragraphs eight (8) to thirty-nine (39) of the amended complaint to

3

support his argument that defendant Roszina committed intentional torts. (Am. Compl. ¶¶ 8-39.) Viewing these statements in the light most favorable to the plaintiff and construing them as true, at this stage of the proceeding, the plaintiff offers sufficient allegations to establish the necessary elements for recovery under his legal theories.

Although the plaintiff does not assert any claims against defendant Roszina involving federal law, pursuant to 28 U.S.C. § 1367(a), this court has supplemental jurisdiction over the Wisconsin law claims because these claims are related to the federal law claims that are within the court's original jurisdiction. *See* 28 U.S.C. § 1367(a).[3]

Now, therefore,

IT IS ORDERED that Defendant Roszina's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. # 10) is denied.

Dated at Milwaukee, Wisconsin, this 21st day of June, 2005.

BY THE COURT

s/ C. N. CLEVERT, JR.
C. N. CLEVERT, JR.
U. S. District Judge

---

[3]This statute provides that

> in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve joinder or intervention of additional parties.

28 U.S.C. § 1367(a).