UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

---

WILLARD DONLOW,

        Plaintiff,

        v.                                         Case No. 05-C-0548

SBC COMMUNICATIONS, INC.,
SBC GLOBAL SERVICES, INC.,
CHRISTOPHER ROSZINA,

        Defendants.

---

## ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND DENYING MOTION FOR SANCTIONS

On May 18, 2005, plaintiff, Willard Donlow, filed a lawsuit against Defendants SBC Communications, Inc., SBC Global Services, Inc., (SBC defendants) and Christopher Roszina, alleging racial discrimination, negligent supervision, as well as assault and battery. Before the court are the SBC defendants' motion for summary judgment and for sanctions. For the reasons stated below, summary judgment will be granted, and no sanctions will be imposed.

## FINDINGS OF FACT

Willard Donlow has been employed by the SBC Defendants since July of 1994. (Second Amen. Comp. ¶ 4.) Defendant Christopher Roszina was employed by the SBC defendants as well. (*Id.* ¶ 7.) Between 1994 and 1996, Roszina touched Donlow and other male SBC employees inappropriately. For instance, between 1995 and 1996, Roszina touched Donlow's buttocks on many occasions (Donlow Dep. 53:15-18 at Pl. Ex. 021). Additionally, Roszina touched Kenneth Kimbrough on his buttocks, Tom Felton on his

genitals, and kicked Tony Chapman in his groin. (Felton Aff. ¶ 4 at Pl. Ex. 019; Kimbrough Aff. at Pl. Ex. 026; Chapman Aff. ¶ 1 at Pl. Ex. 030.) Finally, in December of 1997 and in March of 2005, Roszina placed his foot between Donlow's buttocks and touched Donlow's groin. (Donlow Dep. 69:11-18 at Pl.'s Ex. 041; Donlow Dep. 105:18-23 at Pl.'s Ex. 090.)

However, Roszina did not limit his actions to touching men. For example, Roszina cornered Stephanie Nemchek in telephone closets, grabbed her buttocks, crotch and breasts, kissed her in the ear, and left her a "sexually deviant" voice mail message. (Nemchek Aff. at Def.'s Ex. A.) Additionally, he kicked Dawn Taylor's buttocks and, on another occasion, wrapped his arm around her, looked down her shirt, and said "something not respectful." (Taylor Aff. at Def.'s Ex. B.) Finally, Roszina poked his fingers into the sides of Patricia Speier Gangaware's body. (Gangaware Aff. at Pl.'s Ex. 029.)[1]

## DISCUSSION

I. Summary Judgment Standard

Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party has the initial burden of demonstrating that it is entitled to summary judgment. *Id.* at 323. Once this burden is met, the nonmoving party must designate specific facts to support or defend its case. *Id.* at 322-24.

---

[1] Ironically, SBC Defendants have merged with AT&T, whose motto has been "reach out and touch someone." *U.S. v. New York Telephone Co.*, 682 F.2d 313, 322 n.3 (2d Cir. 1982) (Newman, J., dissenting); SBC Merger Page, http://sbc.merger-news.com/index.html; **AT&T Brand History Page, http://www.att.com/brand/history.**

2

In analyzing whether a question of fact exists, the court construes the evidence in the light most favorable to the party opposing the motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The mere existence of some factual dispute does not defeat a summary judgment motion, however; there must be a *genuine* issue of *material* fact for the case to survive. *Id.* at 247-48.

"Material" means that the factual dispute must be outcome-determinative under governing law. *Contreras v. City of Chicago*, 119 F.3d 1286, 1291 (7th Cir. 1997). Failure to support any essential element of a claim renders all other facts immaterial. *Celotex*, 477 U.S. at 323. A "genuine" issue of material fact requires specific and sufficient evidence that, if believed by a jury, would actually support a verdict in the nonmovant's favor. Fed. R. Civ. P. 56(e); *Anderson*, 477 U.S. at 249. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

II. Donlow's Title VII Claim Against SBC Defendants

Plaintiff maintains that the SBC defendants discriminated against him on the basis of gender by subjecting him to a hostile work environment in violation of Title VII. Title VII states that it is unlawful "to discriminate against any individual . . . because of such individual's . . . sex. . . ." 42 U.S.C. §2000e-2(a)(1). The purpose of Title VII's prohibition of sex discrimination "is to prevent disparate treatment of men and women in employment, regardless of its form." Holman v. Indiana, 211 F.3d 399, 402 (7th Cir. 2000) (internal citations omitted). Further, the prohibition applies to same-sex harasser, "whether or not that harasser is motivated by sexual desire." Id. Finally, for the purposes of Title VII gender discrimination, the critical issue is "whether members of one sex are exposed to

3

disadvantageous terms or conditions of employment to which members of the other sex are not exposed." Id. at 403. Thus, "inappropriate conduct that is inflicted on both sexes, or is inflicted regardless of sex, is outside the statute's ambit. Title VII does not cover the 'equal opportunity' or 'bisexual' harasser, then, because such a person is not discriminating on the basis of sex." Id.

In this case, the facts presented by plaintiff demonstrate that Roszina was the quintessential equal-opportunity harasser. While he may have harassed more men than women, it is clear that Roszina reached out and touched "everybody." That Roszina touched different body parts when harassing men and women does not create enough disparity to constitute gender-based discrimination of men. Illustrative is *Holman v. Indiana*, where the plaintiffs were husband and wife, the harassing supervisor touched the wife's body, stood to close to her, asked her to go to bed with him and made sexist comments. Holman, 211 F.3d at 401. When it came to the husband, the harasser grabbed the husband's head and asked for "sexual favors." *Id.* Yet, although the *Holman* harasser touched and propositioned the wife differently from the husband, the court concluded that the supervisor was an "equal opportunity harasser." *Id.* at 403.

While the facts demonstrate that men were mistreated by Rosina, they also establish that they were not disparately treated because of their sex. Roszina's actions toward men and women constitute harassment, not discrimination, as required by Title VII. *Id.* As the Seventh Circuit stated plainly in *Holman*, "one way to ensure that Title VII does not mutate from a prohibition on sexual *discrimination* to a *general* prohibition on harassment is to be faithful to the statute's plain language, and by that it meant requiring

4

a demonstration that there be different treatment of the sexes." *Id.* Hence, plaintiff's Title VII claim of gender discrimination fails.

### III. State Claims Against SBC Defendants and Roszina

In addition to his Title VII claims, plaintiff asserts assault and battery by Roszina and negligent supervision by the SBC defendants. This court's jurisdiction to consider these state claims is based on the supplemental jurisdiction statute, which confers federal courts with jurisdiction over state claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. §1367(a). When a federal court dismisses the predicate federal claim, the usual course is to remand the state claims to the state court unless there is a countervailing reason to decide the state claim on the merits. *Payne for Hicks v. Churchich*, 161 F.3d 1030, 1043 (7th Cir. 1998).

Here, there is no countervailing reason to decide these claims on the merits. The legal principles involved in a Title VII case are different from those of an assault and battery or negligent supervision case. Additionally, the statute of limitation for all of the plaintiff's state claims has not expired. Wis. Stat. § 893.57 (2003-2004) (stating that the statute of limitation for assault and battery is two years); Wis. Stat. § 893.54 (2003-2004) (stating that the statute of limitations for personal injury is three years).

### IV. SBC Defendants' Motion for Sanctions

Lastly, the SBC defendants filed motions for sanctions pursuant 11(c) Fed. R. Civ. Pro. and 28 U.S.C. § 1927 against the plaintiff. The court considered the Rule 11 motion during a hearing on May 12, 2006, and concluded that the facts underlying the plaintiff's Title VII claim demonstrate that the claim is not frivolous or improper and that the

5

plaintiff has not made any representations to the court contrary to Rule 11(b) Fed. R. Civ. P. Moreover, sanctions may not to be imposed simply because a plaintiff's complaint is dismissed pursuant to a motion for summary judgment. As a consequence, sanctions are not warranted under 28 U.S.C. § 1927 in as much as the plaintiff has not proceeded unreasonably or vexatiously. For the reasons set forth on the record, the motions will not be granted.

Now, therefore,

IT IS ORDERED that the SBC defendants' motion for summary judgment is GRANTED.

IT IS FURTHER ORDERED that plaintiff's Title VII case is dismissed.

IT IS FURTHER ORDERED that plaintiff's remaining claims are dismissed without prejudice.

IT IS FURTHER ORDERED that the SBC defendants' motions for sanctions are DENIED.

IT IS FURTHER ORDERED that all other pending motions are denied as moot.

Dated at Milwaukee, Wisconsin, this 25th day of May, 2006.

> BY THE COURT
>
> s/ C. N. CLEVERT, JR.
> C. N. CLEVERT, JR.
> U. S. District Judge

6